UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. DRESEN, | No. 2:14-cv-1814-TLN-KJN PS |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA ARMY NATIONAL GUARD, et al., | |
| Defendants. | |

Presently pending before the court is plaintiff's amended motion to proceed *in forma pauperis*. (ECF No. 4.)[1] After a careful review of plaintiff's complaint, the court concludes that it lacks subject matter jurisdiction over the action and transfers the action to the United States Court of Federal Claims.

A federal court has an independent duty to assess whether subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); United States v. Hays, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction"). For the reasons discussed below, the

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  court finds that it lacks subject matter jurisdiction.

2  According to the complaint, plaintiff appears to have served in the California Army
3  National Guard as well as on active duty for the United States Army.  Plaintiff alleges that, in
4  July of 2008, he developed abdominal pain, bleeding in the rectum, and weight loss while in
5  Kuwait on active duty, and he subsequently underwent a bilateral sphincterotomy performed by a
6  U.S. Navy doctor.  Plaintiff continued to experience various allegedly disabling medical issues,
7  but ultimately the California Army National Guard and/or the United States Army purportedly
8  erroneously found that plaintiff's medical issues were non-duty related.  Consequently, plaintiff
9  was denied a promotion and military disability benefits.  By virtue of this federal lawsuit, plaintiff
10 seeks medical severance from the United States Army equaling $33,500.00, or medical retirement
11 (calculated at the grade of E-5, which plaintiff claims he would have attained but for the illegal
12 denial of promotion), based on a diagnosis of Crohn's Disease, Post-Traumatic Stress Disorder,
13 and patella femoral pain syndrome.

14 Liberally construed, plaintiff's complaint appears to assert a claim under either 10 U.S.C.
15 § 1201 for retirement pay, and/or 10 U.S.C. § 1203 for severance pay.  These statutes essentially
16 authorize the Secretary concerned (in this case, the United States Secretary of the Army) to retire
17 or separate from service a physically disabled individual who meets certain eligibility
18 requirements.  Courts have recognized that claims for military disability benefits under 10 U.S.C.
19 §§ 1201 & 1203 may be pursued against the *United States* by virtue of the waiver of sovereign
20 immunity in, and jurisdictional reach of, the Tucker Act.  See Frey v. United States, 112 Fed. Cl.
21 337, 343 (2013); Verbeck v. United States, 89 Fed. Cl. 47, 59, 61 (2009).  However, Tucker Act
22 claims for more than $10,000.00 can only be brought in the United States Court of Federal
23 Claims.  See United States v. Hohri, 482 U.S. 64, 67 n.1 (1987); 28 U.S.C. § 1346(a)(2).  Thus,
24 even if the court granted plaintiff leave to amend his complaint to name the United States as a
25 defendant, this court would lack subject matter jurisdiction over plaintiff's claims, because
26 plaintiff seeks more than $10,000.00.

27 In sum, although plaintiff asserts federal claims, those claims do not fall within the subject
28 matter jurisdiction of this court.  The court must *sua sponte* dismiss the case if, at any time, it

determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). However, 28 U.S.C. § 1631 provides that:

> Whenever a civil action is filed in a court…and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action…to any other such court in which the action…could have been brought at the time it was filed…, and the action…shall proceed as if it had been filed in…the court to which it is transferred on the date upon which it was actually filed in…the court from which it is transferred.

28 U.S.C. § 1631. Here, it appears that the United States Court of Federal Claims would have subject matter jurisdiction over the action. Therefore, finding that the interests of justice would be served thereby, the court transfers the action to the United States Court of Federal Claims.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The action, including the pending amended motion to proceed *in forma pauperis*, is TRANSFERRED to the United States Court of Federal Claims pursuant to 28 U.S.C. § 1631.

2. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: October 20, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The United States Court of Federal Claims is located in Washington, D.C. For information concerning that court's rules and procedures, or further information concerning the processing of this case, plaintiff may contact that court at (202) 357-6400 or consult its website at http://www.uscfc.uscourts.gov/.